United States District Court
Western District of Washington

| | |
|---|---|
| Smith<br>v.<br>Hentschel, et al | No. 2:21-CV-01597-RAJ-TLF<br><br>Motion to Expedite, Purs.<br>Holder v. Holder, 392 F.3d 1009 (9th Cir. 2004) |

**I Basis**

"Article 11 of the Hague Convention [on the ~~Inter~~ Civil Aspects of International Child Abduction) contemplates an immediate emergency hearing in international child abduction cases and a judicial decision [on whether to return children] within six weeks." Diaz v. Ibarra, CV-19-03183-PHX-DWL, 2019 US Dist LEXIS 83440 (USDC AZ 05/17/2019) (quoting Lops v Lops, 140 F.3d 927, 944 (11th Cir. 1998). Accordingly, I have presented proper pleadings on motions for relief in Doc. 1, Attachments 2,3,5 - in the context of my civil rights complaint (Attachment 1), not subject to the PLRA or the Heck bar.

The law of the Ninth Circuit requires "the use of the most speedy procedures known" and that applications are, so far as possible, to be granted priority treatment." Holder, 392 F.3d 1023. The Court may accordingly need to first address the enclosed motion for protection.

~~Where~~ The wrongdoing of State officials has deprived me of means to retain counsel, such that I am foreclosed from seeking provisional relief with the German court. Thus, my complaint and application for relief incorporate "the gravaman" that official wrongdoing "has prevented [me] from obtaining counsel." Bernhardt v. L.A. County, 339 F.3d 920, 925 (9th Cir. 2003). Accordingly, "[I]n civil rights cases [such as this one] where the plaintiff appears pro se, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." Ibid. "This duty is particularly relevant here" and applies to "pro se prisoner motions and pleadings." Ibid (emphasis added)

There is no apparent jurisdictional bar: neither the PLRA, nor Heck v Humphrey, nor Colorado River (see Holder v Holder, 305 F.3d 854 (9th Cir. 2002)) impose any jurisdictional restraint. Absent "exceptional circumstances," there is "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." Holder (2002), supra, 305 F.3d at 867. See also Venetie I.R.A. Council v. Alaska, 918 F.2d 797, 803 n5 (9th Cir. 1990) (there is no jurisdictional bar under the full faith and credit provision of 28 USC §1738A); 918 F.2d 804 n8 (Congress has, in many contexts, acted to provide causes of action to remedy situations by which "families are broken up by the removal, often unwarranted, of their children from them by ... public and private agencies....")

## II. Jurisdiction 3

My Convention-related motion for injunctive relief concerns "the use of force to establish artificial jurisdictional links on an international level, with a view to obtaining custody of [my] child[ren]." Holder (2004), 392 F.3d at 1013. "These proceedings [fruitlessly exhausted in state court] have far exceeded the Convention's aspirational 'non-obligatory time-limit of six weeks' for courts to reach a decision after the commencement of proceedings," such that "speedy resolution is particularly important here given the regrettable delays that have already taken place." Holder (2004), supra, at 1023.

Additionally, my civil rights complaint includes the claim, under the stigma-plus theory of due process, that I was deprived by official wrongdoers of income needed to retain counsel. This constitutes a "gravaman" that I have to "litigate pro se because" wrongdoers have "prevented me from obtaining counsel." Bernhardt v. L.A. County, ~~339 F.3d 920, 925 (9th Cir. 2003)~~ supra. My motion for relief under Article 50 of the 1996 Hague Convention is the only means of ameliorating the severe impediments imposed by official wrongdoers and by ~~policies which prevent pro se prisoner litigants from obtaining substantive relief~~ the state court's disregard of my right to a meaningful hearing.

III Facts which entitle plaintiffs to relief have been submitted in my proper civil rights complaint and accompanying documents (Doc. 1, Attachments 1 & 2)   4

IV Relief Requested

The Court should follow the example of the Court of Appeals in Holder (2004), which provided a decision with relief on an expedited timeframe three days after submission. Id, 392 F.3d 1023 n13. Relief with due consideration includes the following priorities:   18 USC §3771(a)(1)

1. reasonable protection, pursuant to the enclosed motion, which sets forth exceptional circumstances ("forthwith" purs. 18 USC §3771(d)(3); see also 34 USC §20141(c)(2) as relates to 18 USC §3771(a)(10))

2. assure that I am able to take custody of my children upon my release from prison - through the provisions in my proposed TRO, pp 5 & 6 (Doc 1, Attachment 3) and aided by the provisions of 34 USC §20141(b),(c)(1)

3. engage the Hague Central Authorities (Doc 1, Attachment 5) and serve notice of complaint to person(s) with physical custody of my children NHS and FLAS

4. restore rights of access guaranteed, irrespective of my criminal conviction, by our fundamental right to family integrity

V Demand for Relief

The Court "must afford the plaintiffs the benefit of any doubt" (Bernhardt, supra) and not await the course of pleadings in my habeas petition. As such, the Court should act to uphold the obligations of the United States under the Hague Child Abduction Convention: either

    Grant the relief requested in Part IV

    or

    Promptly advise me of any obstacles to priority treatment, issuing a decision finding exceptional circumstances preventing exercise of jurisdiction.

VI Verification

I declare under penalty of perjury that the foregoing is true and correct and that this Motion to Expedite, purs. Holder v Holder, 392 F.3d 1009 (9th Cir. 2004) was e-filed from Coyote Ridge Corrections Center on 12/30/2021.

Executed on 12/30/2021.

*Alan Smith*

Petitioner pro se
Alan Justin Smith, #381201, IB11
Coyote Ridge Corrections Center
PO Box 769
Connell, WA 99326-0769

United States District Court
Western District of Washington

Smith
v.
Hentschel, et al

No. 2:21-cv-01597-RAJ-TLF

Motion for Protection and Other Victims' Rights
Provided by 18 USC §3771(a) - Purs. §3771(b)(1), (d)(3)
See also 34 USC §20141(b), (c)

## I Jurisdiction

Defendant wrongdoers acted willfully, having "the purpose to deprive [my children and myself] of [] constitutional right[s]." Screws v United States, 325 US 91, 107, 89 2 Ed 1495 (1945). As such, official wrongdoers committed offenses against us (plaintiffs) under 18 USCS §242, deprivation of rights under color of law. Individual defendants joining the conspiracy may be culpable under §242 or §241.

The particular circumstances are especially serious, because willful violations were also undertaken, which likely implicate even more serious Federal offenses;

1 of 5

- kidnapping (§1201(a)(1), (c), (g)(involving children))
- ransom money (§1202(a), (b)). <u>United States v Ortega</u>, 517 F.2d 1006 (3rd Cir. 1975)(whether ransom was "delivered" is broadly interpreted); see <u>United States v Kelley</u>, 711 F.Supp. 36 (D.C. 1989)(circumstances of coercion, ~~induced~~ inducing agreement to pay by kidnapping victim, suffice to meet "for ransom" element); see WA RCW 9A.40.020 - kidnapping in the first degree (1)(a),(d),(e) - establishing element "punishable under State law" of 18 USC §1202(b)
- hostage taking (§1203(a) and (b)(1)(A))
- international parental kidnapping (§1204(a))
- torture (§2340A(a),(c))

Kidnapping of children carries a minimum sentence of 20 years under §1201(g). Where a suicide death has resulted in this case, the death penalty is a possibility under §1203(a) and §2340A(a). The death penalty is also a possibility under §§241, 242, in that the offenses involve kidnapping. Life sentences are also possible under §§241, 242, 1201(c), 1203(a), 2340A(a),(c).

The incentive for the defendants to further intimidate or even cause further serious injury or death to my children and myself - the witnesses to the above crimes - is substantial, until such time as any ~~Federal~~ criminal investigations and prosecutions are concluded <u>and</u> finding no criminal wrongdoing.

Otherwise, there is ample motive for further preemptive and/or retaliatory attacks. Collectively, the resources of the potential criminal defendants are practically unlimited. Further danger is plausible, and immediate.

II Factual Claims that entitle plaintiffs to relief

As I understand Heck v Humphrey,

- I may not raise any claim for civil relief that is properly addressed by petition for a writ of habeas corpus (pending)
- We are nonetheless entitled to relief forthwith, because I present claims that affect plaintiffs not "in custody," who are presently in plausible danger

Thus, the claims already presented in my pending civil rights complaint should be adequate to require relief. Additionally, I was notified by a counselor at Snohomish County Jail, while I awaited trial, that a girlfriend, Love Thai, had committed suicide. We had been intimate and she had written to me in jail and sent me money and books. She deeply felt the loss of my presense, support.

The State has conceded that my arrest and arraignment were without probable cause (being required to respond to my averrment to that effect and failing to respond). 18 USC §2340(1). My incarceration, not "incidental to lawful sanctions" and "under color of law" (id), was intended to inflict "severe mental pain or suffering." §2340 (2)(B),(D). As my therapist, Dr. Anthony Eusanio, Edmonds, WA, informed me — the unwarranted treatment by law enforcement

of myself and my children were calculated to disrupt profoundly the senses and the personality. See also Abbot v. Abbot, 176 L Ed 2d 789, 808-809, 560 US 1, 130 S Ct 1983 (2010) (international abduction of children is one of the worst forms of child abuse, which results in manifest harms including disruption of natural identification with nonabusing parent (disrupts profoundly the personality)) (citing H.R. Rep. No. 103-390, p.2 (1993)).

III Relief Requested

1. Treat my pro se pleading less stringently than formal pleadings presented by lawyers. This includes immediate notice of any deficiency of pleading and notice of verifiable deadline to correct pleadings, so that I may obtain priority law library access. Absent any severe deficiency in pleading, the Court must provide relief forthwith. 18 USC §3771(d)(3). Relief forthwith is especially critical as to the "right to be reasonably protected from the accused." §3771(a)(1); see also 34 USC §20141(b) ("At the earliest opportunity after the detection of a crime...")

2. Pursuant to 18 USC §3771(a)(7), (10); 34 USC §20141(b), (c) – engage the appropriate officials. This probably includes the Central Authorities for the Hague Child Abduction protocols. Additional precautions may be indicated. See Doc 1, Attachments # 2, 3, 5.

IV Demand for Relief

Pursuant to 18 USC §3771(d)(3)

"The district court shall take up and decide any motion asserting [] victim[s'] right[s] [this motion] forthwith." (emphasis added)

## V Verification

I declare under penalty of perjury that the foregoing is true and correct and that this Motion for Protection and Other Victims' Rights Provided by 18 USC §3771(a) - Purs. §3771(b)(1), (d)(3) was e-filed from Coyote Ridge Corrections Center on 12/30/2021.

Executed on 12/30/2021.

*[signature]*

Petitioner pro se
Alan Justin Smith #381201, IB11
Coyote Ridge Corrections Center
PO Box 769
Connell, WA 99326-0769

United States District Court
Western District of Washington

Smith
v.
Hentschel, et al

No. 2:21-cv-01597-RAJ-TLF

Motion for Preliminary Injunction
Purs. R. Fed. Civ. 65(b)(3)

I Basis

My inexpertly pled Motion for Injunctive Relief with TRO, 11/24/21 (Doc. 1, Attachment #2) did not explicitly move for a preliminary injunction to extend the provisional relief requested by ex parte temporary restraining order (TRO) (Doc. 1, Attachment #3). This oversight may be an obstacle to scheduling the expedited hearing as required by R. Fed. Civ. 65(b)(3).

Preliminary injunction may also be the appropriate vehicle for extending victims' rights, especially protection purs. 18 USC §3771(a)(1). The enclosed motion requests/demands protection for my children, potentially leaving my personal right to protection "in legal limbo" pursuant to Heck v Humphrey. Notwithstanding the Heck bar, I will need protection for myself as well, before my release on writ of habeas corpus. I am aware of several cases in which

1 of 3

law enforcement has infiltrated jails or prisons in order to obtain illegal evidence. Thus I am by no means convinced that the wrongdoers in this case will exercise restraint; where they have great incentive to prevent a successful Federal prosecution by any means. See Motion for Equitable Intervention (Doc. 1, Attachment #4). Nonetheless, I believe that the preferred vehicle for providing protection for all three victims: my children and myself, is the enclosed Motion for Protection and Other Victims' Rights Provided by 18 USC §3771(a) - Purs. §3771(b)(1),(d)(3).

II Jurisdiction

As I have already pled in Doc. 1, Attachment #2,
[1] I am likely to succeed on the merits (that is, we are)
[2] We are likely to suffer irreparable harm in the absence of preliminary relief
[3] The balance of equities tips in our favor
[4] Injunction is in the public interest.

Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011)(cited in Long v. Chelan County Pub. Works, 2:20-cv-00357-SMJ, 2021 US Dist LEXIS 28640 (E.D. Wash))(liberally construing pro se pleadings as motion to expedite, granted in part)

As this District Court has granted my motion to file my civil rights complaint and motion for injunctive relief with TRO in forma pauperis, at minimum: "serious questions going to the merits were raised." Ibid. As shown in the enclosed motion for protection, "the balance of hardships tips sharply in [our] favor." Ibid.

III Claims, which entitle plaintiffs (my children NHS & FLAS and myself) to relief, have been presented in existing pleadings as discussed above.

IV Demand for Relief                                                   13

The Court should issue a preliminary injunction to extend the measures established in the temporary restraining order, and any other relief as justice requires.

V Verification

I declare under penalty of perjury that the foregoing is true and correct and that this Motion for Preliminary Injunction Purs. R. Fed. Civ. 65(b)(3) was e-filed from Coyote Ridge Corrections Center on 12/30/2021.

Executed on 12/30/2021.

*[signature]*

Petitioner pro se
Alan Justin Smith #381201, IB11
Coyote Ridge Corrections Center
PO Box 769
Connell, WA 99326-0769